GLOVER BOTTLED GAS CORP., Vogel's Inc., New York Propane Corp., Synergy Gas Corp., and Synergy Group, Inc., Petitioners,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 93–1831.

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 3, 1995.

Decided March 3, 1995.

Clifford P. Chaiet, Melville, NY, argued the cause, for petitioners.

Vincent J. Falvo, Atty., N.L.R.B., Washington, DC, argued the cause, for respondent. With him on the brief were Linda

Sher, Acting Associate Gen. Counsel, Aileen A. Armstrong, Deputy Associate Gen. Counsel, and Peter Winkler, Supervising Atty., N.L.R.B., Washington, DC.

Before: WALD, SILBERMAN, and TATEL, Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

This petition essentially presents factual issues arising out of a National Labor Relations Board back pay proceeding, which tend to be heavily fact bound. The Board's order, determining that the employer engaged in unfair labor practices, has already been enforced by the Second Circuit, *NLRB v. Glover Bottled Gas Corp.*, 905 F.2d 681, 683 (2d Cir.1990) (the employer's facility is in New York). The employer was held to have, *inter alia*, treated returning strikers as new employees, withheld benefits, refused to bargain with the union, and engaged in retaliatory discharge against union members. Two of the issues raised before us—whether petitioner had made bona fide offers of reinstatement to two discriminatees Leone and Cabral through questionnaires of availability and whether the calculation of another discriminatee's back pay award should be performed pursuant to the traditional *F.W. Woolworth* quarterly formula—were actually decided by the Second Circuit, and are, therefore, *res judicata. See Glover*, 905 F.2d at 686; *Glover Bottled Gas Corp.*, 292 N.L.R.B. 873, 887 (1989). None of the rest of the factual issues come close to raising a legal question (substantial evidence on the whole record), and we therefore wonder why the employer would bring his second petition to either court of appeals. Perhaps the interest rate the Board employs to calculate back pay is too low.

For the foregoing reasons, the petition is therefore denied, and the Board's cross-application for enforcement is granted.

*So ordered.*