**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 14-3622, 14-4440, 15-1353
_____

NATIONAL LABOR RELATIONS BOARD,

Petitioner

v.

SALEM HOSPITAL CORPORATION,

a/k/a The Memorial Hospital of Salem County,
Respondent
_____

On Petitions for Enforcement of Orders of the National Labor Relations Board
(NLRB Nos. 04-CA-097635, 04-CA-64458, 04-CA-073474)
_____

Submitted under Third Circuit LAR 34.1(a)
September 12, 2016

Before:  CHAGARES, GREENAWAY, JR., and RESTREPO, Circuit Judges

(Filed:  September 29, 2016)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Circuit Judge.

The National Labor Relations Board ("the Board") petitions for enforcement of three unfair-labor-practices orders against respondent Salem Hospital Corporation ("Salem"). We will grant the Board's petitions.

I.

Because we write exclusively for the parties, we set forth only those facts necessary to our disposition.

Salem operates an acute-care facility in Salem, New Jersey. In September 2010, nurses employed by Salem elected Health Professionals and Allied Employees ("the Union") as their collective bargaining representative. In August 2011, the Board certified the Union, but Salem refused to bargain with the Union. The Board found that Salem's refusal to bargain with the Union was unlawful, and Salem sought review in the United States Court of Appeals for the District of Columbia Circuit. Salem argued that the Board had denied it a fair opportunity to contest the certification of the Union. The court rejected Salem's arguments and enforced the Board's order, holding that any procedural errors in the Board's handling of the case did not prejudice Salem. Salem Hosp. Corp. v. NLRB, 808 F.3d 59, 62 (D.C. Cir. 2015).

While the case remained pending before the United States Court of Appeals for the District of Columbia Circuit, the newly certified Union had been making demands on Salem: demanding to bargain and requesting employee records in August 2011, demanding to bargain and requesting information about disciplinary policies in October 2011, and demanding to bargain and requesting information about a revised dress code in

2

May 2012 and February 2013.  Salem ignored each demand, and in three separate orders, the Board found that Salem's refusals to engage with the Union were unlawful and directed Salem to remedy the situation.  Salem Hosp. Corp., 358 NLRB No. 95 (July 31, 2012); Salem Hosp. Corp., 359 NLRB No. 82 (Mar. 22, 2013); Salem Hosp. Corp., 360 NLRB No. 95 (Apr. 30, 2014).[1]  The Board has petitioned this Court to enforce the orders.[2]

## II.

The Board exercised jurisdiction under 29 U.S.C. § 160(a)–(c), and we have jurisdiction under 29 U.S.C. § 160(e).  "[O]ur standard of review of orders of the Board is highly deferential."  Trimm Assocs., Inc. v. NLRB, 351 F.3d 99, 102 (3d Cir. 2003).  "We have plenary review over questions of law and the Board's application of legal precepts, but defer to the Board's reasonable interpretation of the [National Labor Relations] Act."  Id.  "We accept the Board's factual findings if they are supported by substantial evidence on the record as a whole."  Id.

## III.

---

[1]    The first two orders were reissued by new Board panels after the Supreme Court held in NLRB v. Noel Canning, 134 S. Ct. 2550, 2578 (2014), that recess appointments to the Board were invalid.  Salem Hosp. Corp., 361 NLRB No. 61 (Sept. 30, 2014); Salem Hosp. Corp., 361 NLRB No. 110 (Nov. 25, 2014).

[2]    The Board filed the enforcement petitions in this Court in August 2014, November 2014, and February 2015, respectively.  This Court consolidated the petitions in February 2016.

3

Salem devotes its entire brief to the same arguments litigated before the Court of Appeals for the District of Columbia Circuit: that the certification of the Union as the collective bargaining representative is invalid because, in various respects, Salem was denied a fair opportunity to challenge it during Board proceedings. The Court of Appeals for the District of Columbia Circuit has already rejected those arguments in issuing its final judgment, which precludes Salem from relitigating them before us. See, e.g., Raytech Corp. v. White, 54 F.3d 187, 193 & n.7 (3d Cir. 1995); Glover Bottled Gas Corp. v. NLRB, 47 F.3d 1230, 1231 (D.C. Cir. 1995) (per curiam). Although Salem could conceivably have raised new and substantially different grounds for invalidating the three unfair-labor-practices orders, it has forfeited any such arguments by failing to raise them in its opening brief. In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016).

IV.

For the foregoing reasons, we will grant the Board's petitions for enforcement.